**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4618**

---

UNITED STATES OF AMERICA,

        Appellee,

    v.

BOOKER TYRELL HENLEY,

        Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:23-cr-00563-CMC-1)

---

Submitted:  April 29, 2026                Decided:  July 2, 2026

---

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Bingzi Hu, Murdoch Walker, II, LOWTHER | WALKER LLC, Atlanta, Georgia, for Appellant.  Bryan P. Stirling, United States Attorney, Charleston, South Carolina, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Booker Henley of three crimes—possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count One"), possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) ("Count Two") and using and carrying a firearm in relation to, or possessing a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three"). Henley appeals his convictions on all three counts and the district court's sentence. Because we find no reversible error, we affirm.

First, Henley claims the district court improperly instructed the jury on Count One—specifically, that one of the instructions was inconsistent with the Supreme Court's holding in *Rehaif v. United States*, 588 U.S. 225 (2019). But the challenged instruction is consistent with *Rehaif*, so we find no error.

Next, Henley argues that his conviction on Count Three should be vacated for duplicity because § 924(c)(1)(A) creates two separate offenses. Henley didn't raise this challenge below, meaning that to prevail, he must make "a showing of good cause or plain error." *United States v. Robinson*, 855 F.3d 265, 270 (4th Cir. 2017) (citations omitted). Henley has shown neither. *See United States v. Banks*, 29 F.4th 168, 181 (4th Cir. 2022) (finding no plain error when defendant made identical argument because "[t]here is a real question about whether [the count] was duplicitous at all").

Further, Henley challenges the district court's denial of his motion for a judgment of acquittal, arguing that insufficient evidence supported his convictions on all three counts. Having reviewed the record, we disagree. "We will sustain the jury verdict if '*any*

2

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'" and "remain cognizant that it is the jury's province to weigh the credibility of the witnesses, and to resolve any conflicts in the evidence." *United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012) (quoting *United States v. Penniegraft*, 641 F.3d 566, 571–72 (4th Cir. 2011)). That standard is met here.

Henley additionally argues that the district court should have granted him a new trial because it erroneously admitted various pieces of social media evidence in violation of Federal Rules of Evidence 401, 402, 403, 404 and 901. We conclude the district court did not abuse its discretion in admitting the challenged evidence.

Finally, Henley claims his sentence was substantively unreasonable. The district court sentenced Henley within his Guidelines range and we treat such a sentence as presumptively reasonable. *United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019). We find no reason to think the district court abused its discretion in imposing Henley's sentence.

For these reasons, we affirm Henley's conviction and sentence in full. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3